# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1581V
### Filed: April 1, 2021
UNPUBLISHED

|  |  |
|---|---|
| HECTOR DAVILA-MAYORGA, also known as ERNESTO CERVANTES<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Special Master Daniel Horner<br><br>Ruling on Entitlement; Concession; Causation-In-Fact; Influenza (Flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Wauwatosa, WI, for petitioner.*
*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT [1]

On October 10, 2019, Hector Davila-Mayorga, also known as Ernesto Cervantes, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.* [2] (the "Vaccine Act"). Petitioner alleges that he suffered from adhesive capsulitis and a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination that he received on November 28, 2017. Petition at 7.

On March 19, 2021, Respondent filed a Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 7. Specifically, Respondent states that:

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[b]ased on the medical records . . . petitioner has satisfied the criteria set forth in the revised Vaccine Injury Table and the Qualifications and Aids to Interpretation, which afford petitioners a presumption of causation if there is no prior history of pain, inflammation, or dysfunction in the affected shoulder prior to vaccination that would explain the symptoms occurring after vaccination; the onset of shoulder pain occurs within forty-eight hours after receipt of an intramuscular seasonal flu vaccination; pain and reduced range of motion are limited to the shoulder in which the vaccine was given; and there is no apparent alternative cause"

*Id.* (citations omitted).

Respondent further agrees that "the medical records demonstrate that petitioner has experienced the residual effects of his SIRVA for more than six months," and has therefore "satisfied all legal prerequisites for compensation under the Act. Case" *Id.* (citations omitted).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master